1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TONY E. BELL and BELL AND                    No.  2:24-cv-02473 KJM AC PS
     COMPANY MANAGMEENT and
12   ANALYTICAL SERVICES LLC,

13                  Plaintiffs,                    ORDER and

14          v.                                     FINDINGS AND RECOMMENDATIONS

15   SCF INFESTMENT ADVISORS, INC., et
     al.,
16
                    Defendants.
17

18

19          Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the

20   undersigned by E.D. Cal. 302(c)(21).  Plaintiff Tony E. Bell has filed a request for leave to

21   proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute.  See 28

22   U.S.C. § 1915(a)(1).  The motion to proceed IFP (ECF No. 2) will therefore be granted.

23                                       **I.  Screening**

24          A.      Legal Standard

25          The federal IFP statute requires federal courts to dismiss a case if the action is legally

26   "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks

27   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A

28   claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v.

1   Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will

2   (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly

3   baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and

4   (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von Saher v. Norton

5   Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S.

6   1037 (2011).

7       The court applies the same rules of construction in determining whether the complaint

8   states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court

9   must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must

10  construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a

11  less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520

12  (1972).  However, the court need not accept as true conclusory allegations, unreasonable

13  inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618,

14  624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice

15  to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,

16  556 U.S. 662, 678 (2009).

17      To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

18  state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has

19  facial plausibility when the plaintiff pleads factual content that allows the court to draw the

20  reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at

21  678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity

22  to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v.

23  Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in

24  Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

25      B.  The Complaint

26      Plaintiff brings this case on behalf of himself and his sole proprietorship, Bell and Co.

27  Private Wealth Management.  ECF No. 1 at 1.  Plaintiff alleges that on February 11, 2022, he was

28  "terminated as an independent contractor of FINRA registered firm SCF Securities, Inc. and

2

1    affiliate company SCF Investment advisors, Inc., an SEC registered investment advisor." ECF

2    No. 1 at 1-2. Plaintiff alleges "the actions of termination were premeditated and were in nature

3    politically motivated and subsequently discriminative; breached trust; utilized privy

4    correspondence and disclosed material important non-public information pertaining to parental

5    custody disputes" including business plans and intellectual property. Id. at 1-2. The complaint,

6    which is somewhat difficult to decipher, goes on to reference business relationships and a family

7    law case. Id. at 2-6. Plaintiff seeks compensatory damages for lost wages and opportunity, and

8    damage to his professional and personal reputation; he also seeks punitive damages for emotional

9    impacts, psychological effects, and "familial impact and degrade." Id. at 6. Plaintiff does not

10   identify any specific legal causes of action.

11          The complaint's only express reference to jurisdiction is the following statement:

12   "Returning to the ex-relation basis of Jurisdiction, it is the request of this petition that asks the

13   Courts order to address the personal property with as effects of collusion was taken and damaged,

14   and if the Courts order does so indeed make mandatory per diem request, as and in consideration,

15   it is not my intention to include these named parties in any further judicial action." Id. at 6.

16   Plaintiff states that he does not have a permanent residence, but he did purchase a multifamily

17   residence in Sacramento, California, and his company is located in California. Id. at 3. Plaintiff

18   notes that he originally attempted to bring this case in the United States District Court for the

19   District of Columbia. ECF No. 1 at 3.

20          C.  Analysis

21          This complaint must be dismissed for lack of subject matter jurisdiction. "Federal courts

22   are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375,

23   377, (1994). In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction

24   over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which

25   the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the

26   parties, § 1332(a). These jurisdictional grants are known as "federal-question jurisdiction" and

27   "diversity jurisdiction," respectively. Home Depot U. S. A., Inc. v. Jackson, 139 S. Ct. 1743,

28   1746 (2019). A case "arises under" federal law for jurisdictional purposes either where federal

1   law creates the cause of action or "where the vindication of a right under state law necessarily

2   turn[s] on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d

3   1086, 1088–89 (9th Cir. 2002) (quoting Franchise Tax Bd. v. Construction Laborers Vacation

4   Trust, 463 U.S. 1, 8–9 (1983)).  "[T]he presence or absence of federal-question jurisdiction is

5   governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists

6   only when a federal question is presented on the face of the plaintiff's properly pleaded

7   complaint." Id. at 1089 (quoting Rivet v. Regions Bank, 522 U.S. 470, 475 (1998)).

8        Here, plaintiff does not identify any cause of action at all, and therefore no basis for

9   federal question jurisdiction appears on the face of the complaint.  Neither does diversity

10  jurisdiction appear to apply.  While plaintiff does not allege the citizenship of the defendants, the

11  court notes that plaintiff did attempt to file this case in the U.S. District Court for the District of

12  Columbia against defendants SCF Investment Advisors and SCF Securities.  See Bell v. SCF Inv.

13  Advisors, Inc., No. CV 24-0392 (UNA), 2024 WL 1178479, at *1, 2024 U.S. Dist. LEXIS 47766

14  (D.D.C. Mar. 18, 2024), aff'd sub nom.  Bell v. SCF Invs. Advisors, Inc., No. 24-7036, 2024 WL

15  3171044 (D.C. Cir. June 26, 2024) ("Bell I").  Plaintiff affirmatively alleges the identity of the

16  actions.  ECF No. 1 at 1 ("This case was opened In the United States District Court for the

17  District of Columbia.")  In Bell I, the district court noted that plaintiff is a resident of Sacramento,

18  California, that the defendants are businesses in San Diego, California, and that the complaint

19  appeared to "arise from a business relationship gone wrong." Id.  The D.C. Court dismissed the

20  case for lack of federal subject matter jurisdiction, explaining that the case did not involve a

21  federal question and, "because all the parties reside or conduct business in California, even

22  though the amount in controversy exceeds the $75,000 threshold, plaintiff fails to demonstrate

23  complete diversity between the parties." Id.

24       The same is true here.  The D.C. case was dismissed not because it was filed in the *wrong*

25  federal court, but because jurisdiction is unavailable in *any* federal court.  Absent complete

26  diversity of the parties or a federal cause of action, there can be no subject matter jurisdiction.

27  The nature of the underlying dispute, and review of plaintiff's allegations, indicate that no federal

28  cause of action is available and amendment would therefore be futile.  See Klamath-Lake Pharm.

4

1  Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (while leave to amend

2  shall be freely given, the court need not allow futile amendments).  Accordingly, the complaint

3  should be dismissed without leave to amend for lack of subject matter jurisdiction.

### II.  Additional Motions

5  Plaintiff filed a motion for electronic filling.  ECF No. 3.  This motion is DENIED as

6  MOOT because the court lacks jurisdiction over this case.

### III.  Pro Se Plaintiff's Summary

8  You are being granted in forma pauperis status and do not have to pay the filing fee.

9  However, the Magistrate Judge is also recommending that the District Judge dismiss this case

10  because there is no jurisdiction in federal court.  If you disagree with this recommendation, you

11  may file objections within 21 days.

### IV.  Conclusion

13  The court ORDERS that the motion to proceed IFP (ECF No. 2) is GRANTED and that

14  the motion for electronic filing (ECF No. 3) is DENIED.

15  Further, the undersigned RECOMMENDS that the complaint (ECF No. 1) be

16  DISMISSED without prejudice and the case CLOSED, because the court lacks subject matter

17  jurisdiction.

18  These findings and recommendations are submitted to the United States District Judge

19  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days

20  after being served with these findings and recommendations, plaintiff may file written objections

21  with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document

22  should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure

23  to file objections within the specified time may waive the right to appeal the District Court's

24  order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153,

25  1156-57 (9th Cir. 1991).

26  DATED: October 17, 2024

27  ALLISON CLAIRE
   UNITED STATES MAGISTRATE JUDGE

28

5